**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

JASON REEVES, individually and on behalf of
all others similarly situated,

      Plaintiff,

vs.                                Civil Action No.:_____

                                       **CLASS ACTION**

                                       **JURY TRIAL DEMANDED**

FINANCIAL CONSULTING & TRADING
INTERNATIONAL, INC.,

      Defendant.

---

## COMPLAINT

---

      Plaintiff, Jason Reeves, individually, and on behalf of all others similarly situated ("Plaintiff"), alleges upon knowledge with respect to himself and upon information and belief based, in part, on the investigation of counsel, as follows:

### I.       PRELIMINARY STATEMENT

      1.      Plaintiff brings this action, individually and on behalf of all others similarly situated, against Defendant alleging violations of 15 U.S.C. § 1693 *et seq.*, which is commonly known as the Electronic Fund Transfer Act and 12 C.F.R. § 205 *et seq.*, commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as the "EFTA").

2.      The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer these services.  The primary objective of the EFTA and Regulation E is the protection of consumers engaging in electronic fund transfers. 12 C.F.R. § 205.1(b).  The EFTA requires specific disclosures be given by operators of automated teller machines ("ATMs") to users of ATMs, prior to the imposition of a fee for using an ATM. 15 U.S.C. § 1693b.

3.      The Congressional findings and declaration of purpose regarding the EFTA provides:

(a)     Rights and liabilities undefined

The Congress finds that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers.  However, due to unique characteristics of such systems, the application of existing consumer protection legislation is unclear, leaving the rights and liabilities of consumers, financial institutions and intermediaries in electronic fund transfers undefined.

(b)     Purposes

It is the purpose of this subchapter to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.  The primary objective of this subchapter, however, is the provision of individual consumer rights.

4.      The EFTA specifically requires that ATM machines must have a posted notice attached on or at the machine informing consumers of the imposition of an ATM surcharge.  15 U.S.C. § 1693b(d)(3).

5.      This case is brought under the EFTA based upon the fact that Defendant has imposed ATM fees without providing any posted notice as required by the EFTA.

6.      Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant based on Defendant's violation of the EFTA.  Plaintiff seeks, on behalf of himself and the proposed class, statutory damages, costs and attorney's fees, all of which are

expressly made available by statute, 15 U.S.C. § 1693m.  Plaintiff does not seek actual damages. Plaintiff also seeks a permanent injunction enjoining Defendant from continuing its unlawful practice of negligently, willfully, or knowingly violating the provisions of the EFTA which prohibit the improper imposition of ATM fees.

## II.     PARTIES

7.     Plaintiff is a natural person who resides in Desoto County, Mississippi and used a certain ATM owned and operated by Financial Consulting & Trading International, Inc., located at Love's Travel Center, 3371 Lamar Avenue, Memphis, Tennessee (hereinafter, the "Financial Consulting ATMs"), within one year of the filing of this Complaint, and was charged an ATM surcharge fee at the ATM described in this Complaint.

8.     Defendant Financial Consulting & Trading International, Inc. ("Financial Consulting") is a California corporation doing business in Tennessee.  Financial Consulting may be served at 1801 Avenue of the Stars, Suite 1225, Century City, California.

## III.     JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. 1693m(g) because this action arises under the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.*

10.     Venue in this judicial district is proper under 28 U.S.C. § 1391 in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

# IV.    BACKGROUND

**A.    <u>Electronic Funds Transfer Act</u>**

11.    "Electronic funds transfer" is defined as "any transfer of funds . . . which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account.  Such term includes . . . automated teller machine transactions . . . ."  15 U.S.C. § 1693a(6); *see also* 12 C.F.R. § 205.3(b).

12.    Defendant is an "automated teller machine operator" as that term is defined by 12 C.F.R. § 205.16(a), which states:  "Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made."

13.    15 U.S.C. § 1693b(d)(3)(A) and (B), and the implementing regulation, 12 C.F.R. § 205.16(b) and (c), require an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction.  Specifically, 12 C.F.R. § 205.16(b) states:

> *General.*  An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1)    Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2)    Disclose the amount of the fee.

14.    15 U.S.C. § 1693b(d)(3)(B), and its implementing regulation, 12 C.F.R. § 205.16(c), specifies the notice to be provided to consumers.  12 C.F.R. § 205.16(c) states:

(c)     *Notice requirement.*  To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

> (1)     *On the machine.*  Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
> > (i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or
> >
> > (ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and
>
> (2)     *Screen or paper notice.*  Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

15.     Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

16.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operating in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).  Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) **Prohibition on fees not properly disclosed and explicitly assumed by consumer.**  No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (B); and (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

Similarly, 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.*  An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1)  The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2)  The consumer elects to continue the transaction or inquiry after receiving such notices.

17.      In connection with 2006 amendments to the EFTA, the Board of Governors of the Federal Reserve published its Final Rule and official staff interpretation which, *inter alia*, explained the EFTA's disclosure requirements as follows:

> The final rule clarifies the **two-part disclosure scheme established in Section 904(d)(3)(B) of the EFTA. The first disclosure, on ATM signage posted on or at the ATM, allows consumers to identify quickly ATMs that generally charge a fee for use.  This disclosure is not intended to provide a complete disclosure of the fees associated with the particular type of transaction the consumer seeks to conduct.**  Until a consumer uses his or her card at an ATM, the ATM operator does not know whether a surcharge will be imposed for that particular consumer. Rather, it is the second, more specific disclosure, made either on the ATM screen or an ATM receipt, that informs the customer before he or she is committed to the transactions whether, in fact, a fee will be imposed for the transaction and the amount of the fee….
>
> 71 F.R. 1638, 1656 (emphasis added).

18.      Thus, the statute and regulation require that a physical notice must be displayed informing consumers that the ATM imposes a surcharge and that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

19.      The EFTA imposes strict liability upon ATM operators that fail to comply with its disclosure requirements.  *See Burns v. First American Bank*, 2006 WL 3754820, *6 (N.D. Ill. Dec. 19, 2006).  A plaintiff seeking statutory damages under the EFTA need not prove that he or she sustained any actual financial loss, or that he or she relied upon the lack of mandatory

disclosure as an inducement to enter into a transaction.  *Burns*, 2006 WL 3754820, *6 ("Section 1693b(d)(3) prohibits an ATM operator from charging a fee unless it provides notice of its fee on the machine and on the screen, period, no mention of a necessary scienter.")

20.    The notice referenced in 15 U.S.C. § 1693f has no arguable applicability to Plaintiff's claims because, among other things, Plaintiff is not an account holder of Defendant.

**B.    Defendant's Conduct**

21.    Defendant is an ATM operator regulated under the EFTA, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.16(a).

22.    Defendant owns and operates the Financial Consulting ATM located at Love's Travel Center, 3371 Lamar Avenue, Memphis, Tennessee.

23.    The Financial Consulting ATM permits consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

24.    The Financial Consulting ATM imposes a fee on consumers who withdraw cash from the Financial Consulting ATMs.

25.    Defendant failed to post on or at the Financial Consulting ATM a notice that a fee will be imposed for withdrawing cash or for a balance inquiry, resulting in Defendant's improper imposition of a fee to users of the Financial Consulting ATMs.

26.    Defendant's failure to post the required notice on or at the Financial Consulting ATMs has resulted in frequent and persistent non-compliance with the EFTA.  Said violations of the EFTA have adversely affected hundreds or thousands of consumers.

27.    Despite knowing of the ATM fee notice provisions of the EFTA, Defendant has intentionally violated and continues to violate the EFTA by failing to post the required ATM fee notices at the Financial Consulting ATM and improperly imposing ATM fees.

28.    Defendant's non-compliance with the ATM fee notice requirements of the EFTA, and subsequent imposition of a fee, did not result from a bona fide error.

**C.    Plaintiff's Electronic Funds Transfers With Defendant**

29.    Plaintiff is a consumer as defined in 12 C.F.R. § 205.2(e).

30.    On June 14, 2010, Plaintiff used a certain Financial Consulting ATM located at Love's Travel Center, 3371 Lamar Avenue, Memphis, Tennessee in order to conduct an electronic funds transfer involving the withdrawal of cash.

31.    The Financial Consulting ATM did not and does not have the fee notice required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16 as it did not have any sign affixed to it or in close proximity to it informing consumers that use of the Financial Consulting ATM will or may result in an ATM surcharge.

32.    Plaintiff was in fact assessed a $3.45 ATM surcharge fee for withdrawing cash from the Financial Consulting ATM described in this Complaint.

## V.    CLASS ALLEGATIONS

33.    Plaintiff brings this class action on behalf of himself and all other similarly situated persons pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.    Plaintiff seeks to represent a class of similarly situated persons, consisting of (a) all consumers (b) who initiated an electronic funds transfer at the Financial Consulting ATM described in ¶ 7 and (c) were assessed a fee for withdrawing cash from any Financial Consulting ATM described in ¶ 7, (d) on or after the date one year prior to the filing of this action and continuing through the trial of this cause or until the Defendant is compliant with the ETFA by posting the appropriate notice. (the "Class").

35.     Congress expressly intended that the EFTA would be enforced, in part, through private class actions.  15 U.S.C. § 1693m(a).

36.     Plaintiff is informed and believes, and thereon alleges, that there are at minimum, hundreds of members of the Class.

37.     The exact size of the Class and the identities of the individual members thereof are ascertainable through Defendant's records.   Defendant has exclusive control of this information.

38.     Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

39.     Defendant can generate data for its ATMs identifying each transaction in which a fee was charged.  The data will include the date of the transaction, the amount of the fee and the personal account number ("PAN") for the consumer.  The PAN includes a bank identification number ("BIN").  This information can be used to identify class members.

40.     The Class is sufficiently numerous to make bringing all parties before the Court impractical.

41.     Plaintiff's claims are typical of the claims of the members of the Class.   The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.  Plaintiff and Class members seek recovery of statutory, not actual, damages.

42.     Plaintiff and members of the Class were each users of the Financial Consulting ATMs since the date one year prior to the filing of this action.

43.     Plaintiff and each member of the Class were illegally charged an ATM fee as a result of Defendant's failure to comply with the ATM fee notice requirements of the EFTA.

44.     Plaintiff and each class member received an inadequate notice regarding the imposition of an ATM fee by the Financial Consulting ATM.

45.     The questions of law and fact common to the Class predominate over questions which may affect individual members, including:

(a)     Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;

(b)     Whether Defendant is the operator of the Financial Consulting ATMs;

(c)     Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and

(d)     Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.

46.     Plaintiff can and will adequately and vigorously represent and protect the interests of the members of the Class.  Plaintiff has no interests antagonistic to the members of the Class. Plaintiff has retained counsel able, competent and qualified to prosecute this class action litigation.

47.     Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of the class.

48.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages that may be awarded to the members of the Class are likely to be substantial, the damages suffered by the individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of

the Class to individually seek redress for the wrongs done to them.  Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any member of the Class.  The likelihood of the individual members of the Class prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

49.     Defendant has acted on grounds generally applicable to the members of the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## VI.     CLAIMS

**A.     Count 1:  Violation of 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. 205 *et seq.***

50.     Plaintiff incorporates and re-alleges the above numbered paragraphs by reference.

51.     Plaintiff asserts this claim on behalf of himself and the Class against Defendant.

52.     Defendant failed to provide notices to the Plaintiff and the Class as required by 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c), and imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. §§ 205.16(b) and (e).

53.     15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e) prohibit the imposition and receipt of a fee for conducting an electronic fund transfer unless a notice of the fee is posted in a prominent and conspicuous location on or at the ATM.

54.     Defendant imposed and received a fee in violation of 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e).

55.     As a result of Defendant's violations of the EFTA, Defendant is liable to Plaintiff and the class for statutory damages pursuant to 15 U.S.C. § 1693m.

56.     As a result of Defendant's violations of the EFTA, Plaintiff and the members of the Class are entitled to recover costs of suit and their reasonable attorney's fees.

57.     Defendant's conduct is continuing, and, unless restrained, Defendant will continue to engage in violations of the EFTA.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing undersigned counsel as Class Counsel;

B.     An award to Plaintiff and the members of the Class of statutory damages pursuant to 15 U.S.C. § 1693m;

C.     Payment of costs of suit herein incurred pursuant to 15 U.S.C. § 1693m(a)(3);

D.     Payment of reasonable attorney's fees pursuant to 15 U.S.C. § 1693m(a)(3);

E.     A permanent injunction enjoining Defendant from engaging in conduct in violation of the EFTA; and

F.     For other and further relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**GLASSMAN, EDWARDS, WADE**
**& WYATT, P.C.**

By:  s/B. J. Wade
        B. J. Wade (#05182)
        26 N. Second Street
        Memphis, TN  38103
        (901) 527-4673 – telephone
        (901) 521-0940 – facsimile
        e-mail:  bwade@gewwlaw.com

**OF COUNSEL:**

Eric G. Calhoun, Esq.
**TRAVIS, CALHOUN & CONLON, P.C.**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100 – telephone
(972) 934-4101 – facsimile
e-mail:  eric@travislaw.com

*Attorneys for Plaintiff and Proposed Class*
*Counsel*